## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**AMY INTRES AND**                                    **CIVIL ACTION NO.**
**JUSTIN INTRES**

**VERSUS**                                            **JUDGE**

**ACE AMERICAN INSURANCE**
**COMPANY, WERNER ENTERPRISES,**          **MAGISTRATE**
**INC. AND WILLIS RICHMOND**

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Willis Richmond, Werner Enterprises, Inc., and ACE American Insurance Company (hereinafter collectively referred to as "Defendants"), who file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court.

I.

On May 18, 2022, Plaintiffs, Amy Intres and Justin Intres, filed a personal injury lawsuit against Willis Richmond, Werner Enterprises, Inc. and ACE American Insurance Company in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Docket Number C-719163, Division N, Section 26, entitled "*Amy Intres and Justin Intres versus ACE American Insurance Company, Werner Enterprises, Inc. and Willis Richmond.*" (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises from an alleged automobile accident, which occurred on or about October 4, 2021 in the Parish of East Baton Rouge, Louisiana.

I.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

II.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

III.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co*., 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).

IV.

Plaintiff, Amy Intres, alleges that she sustained injuries to her mind and body including to her neck, back, and left shoulder. She seeks damages for past and future: mental anguish and physical suffering, loss of enjoyment of life, medical expenses, loss of earnings, and impaired earning capacity. (*See* Exhibit A, at ¶ VIII).

V.

Plaintiff, Justin Intres, was married to Amy Intres at all relevant times and is seeking damages for loss of consortium, services and society of his wife. (See Exhibit A, at ¶ IX).

VI.

Plaintiffs have not stipulated and the Petition for Damages does not aver that either of their claims exceed $75,000, exclusive of interest and costs as required by La. C.C.P. art. 893, nor they averred or offered a binding stipulation that they affirmatively renounces the right to accept a judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

VII.

On May 20, 2022, counsel for Defendants requested that Plaintiff execute a binding and irrevocable stipulation that the total amount of damages claimed by each of them in connection with the above-referenced lawsuit does not exceed the sum or value of $75,000, exclusive of interests and costs in order to preclude removal to this court. (Attached as Exhibit "B" *in globo*). To date, no response has been received. Plaintiff's refusal to stipulate constitutes further evidence that the amount in controversy is in excess of the requisite amount for federal court diversity jurisdiction. *See, e.g., Simpson v. Dollar Tree Stores, Inc*. No. 15-2107 (W.D. La. 9/21/15); *Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.* 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc*., 837 F. Supp. 751, 752 (M.D. La. 1993).

VIII.

On July 15, 2022, Defendants propounded a Request for Admission on each Plaintiff, through their counsel of record, directed specifically to the issue of the amount in controversy. Both Plaintiffs provided responses on August 11, 2022 as follows:

Justin Intres:

**REQUEST FOR ADMISSION NO. 1:**

Please admit that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted.

Amy Intres:

**REQUEST FOR ADMISSION NO. 2:**

Please admit that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted. (Attached as Exhibit "C" *in globo*).

IX.

Thus, Defendants have conclusively established by virtue of Plaintiffs' admissions that that the total amount in controversy in this matter exceeds $75,000, exclusive of interests and legal costs.

**B.    COMPLETE DIVERSITY EXISTS**

X.

Defendant, Willis Richmond, is a person of the full age of majority and is a citizen of the State of Tennessee.

XI.

Defendant, Werner Enterprises, Inc., is a foreign corporation with both its place of incorporation and its principal place of business in the State of Nebraska.

4

XII.

Defendant, ACE American Insurance Company, is a foreign insurer that is a Pennsylvania corporation with its principal place of business in Pennsylvania and is a citizen of the State of Pennsylvania.

XIII.

Based on the information in the introductory Paragraph of the Petition for Damages, both Plaintiffs, Amy Intres and Justin Intres, are persons of the full age of majority and are citizens of the State of Louisiana.

XIV.

There is complete diversity between the Plaintiffs and all Defendants. As of the date of filing of this Notice of Removal, Plaintiffs have not named any other parties as Defendants.

## II.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIRMENTS FOR REMOVAL.

XV.

The Notice of Removal was properly filed within thirty (30) days of Defendants' receipt of a paper from which it could first ascertain that the case is removable, namely Plaintiffs' August 11, 2022 admissions that the amount in controversy exceeds $75,000, exclusive of interests and costs.[1] 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). The term "other paper" in 28 U.S.C. § 1446(b)(3) includes information relating to the amount in controversy that is found in the records of the state proceeding or in discovery responses. 28 U.S.C. § 1446(c)(3)(A); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). A deemed

---

[1] *See* Exhibit "C".

admission qualifies as "other paper" by the terms of 18 U.S.C. § 1446(c)(3)(A) and triggers the 30-day removal clock. *Gayden v. Winn-Dixie Montgomery, Inc.*, No. CIV.A. 13-6232, 2014 WL 433503, at *4 (E.D. La. Feb. 4, 2014); *Greene v. Ace Am. Ins. Co.,* No. CV 20-773, 2020 WL 4035524, at *4 (E.D. La. July 17, 2020).

## XVI.

There is no other party needed to consent to the removal of this case.

## XVII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein each Plaintiff's alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiffs are diverse from all named Defendants.

## XVIII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiffs and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

## XIX.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

## **JURY DEMAND**

## XX.

Defendants are entitled to and request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, Willis Richmond, Werner Enterprises, Inc., and ACE American Insurance Company, pray that the action entitled, "*Amy Intres and Justin Intres versus ACE American Insurance Company, Werner Enterprises, Inc. and Willis Richmond,*" bearing docket number C-719163, Division N, Section 26, and pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from the state court docket to the United States District Court for the Middle District of Louisiana.

Respectfully submitted:

*PERRIER & LACOSTE, LLC*

*s/ Ralph J. Aucoin, Jr.*

_____
**GUY D. PERRIER, #20323**
**RALPH J. AUCOIN, JR. #31023**
**PAUL W. FREESE, #39886**
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel: (504) 212-8820; Fax: (504) 212-8825
gperrier@perrierlacoste.com
raucoin@perrierlacoste.com
pfreese@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS,**
**WILLIS RICHMOND, WERNER**
**ENTERPISES, INC., AND ACE AMERICAN**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 22ND day of August, 2022, at their last known address of record.

*s/ Ralph J. Aucoin Jr.*

_____
**RALPH J. AUCOIN, JR.**