## 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO.                                                                                                          DIVISION ""

AMY INTRES AND JUSTIN INTRES

VERSUS

ACE AMERICAN INSURANCE COMPANY, WERNER
ENTERPRISES, INC., AND WILLIS RICHMOND

FILED:_____                    _____
                                                                            DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Amy Intres and Justin Intres, persons of the full age of majority and a residents of the State of Louisiana, who, with respect, show the Court as follows:

I.

That Ace American Insurance Company, made a party defendant herein, is a foreign insurance company authorized to do and doing business in the State of Louisiana at all times relevant hereto. That Werner Enterprises, Inc., made a party defendant herein, is a foreign company domiciled in Nebraska and authorized to do and doing business in the State of Louisiana at all times relevant hereto. That Willis Richmond, made a party defendant herein, is a person of the full age of majority and a resident and citizen of the County of Sumner, State of Tennessee. That said Defendants are liable, jointly and/or in solido, to Plaintiff for the following:

II.

That on or about October 4, 2021 at approximately 6:30 AM, Amy Intres was operating a 2018 Nissan Rogue westbound on Interstate 12 in the Parish of East Baton Rouge, State of Louisiana.

III.

That at approximately the same time and place, Willis Richmond was operating a semi-truck of unknown make and model westbound on Interstate 12, behind Plaintiff's vehicle, in the Parish of East Baton Rouge, State of Louisiana.

IV.

That at approximately the same time and place, Willis Richmond followed too closely and struck the rear of Plaintiff's vehicle.

**EXHIBIT A**

V.

That upon information and belief, at all relevant times hereto, Defendant, Willis Richmond, was acting within the course and scope of his employment or as part of a joint venture or otherwise for the mutual benefit of himself and Werner Enterprises, LLC. Under the Louisiana Code and the theories of respondeat superior, joint venture, and/or agency, both are responsible for the collision and damages resulting thereto.

VI.

That the aforesaid accident sued on herein was the fault of and proximately caused by Defendant, Willis Richmond, in the following respects:

(a) by allowing a vehicle under his control to strike the rear of a preceding vehicle in violation of La. R.S. 32:81;

(b) by operating the vehicle under his control in a careless manner, in violation of La. R.S. 32:58;

(c) by operating a vehicle while physically exhausted, in violation of state law, federal regulations, and company standards;

(d) by failing to maintain reasonable and proper control of the vehicle under his control upon a public road;

(e) by operating the vehicle under his control in an improper, unsafe, negligent, and reckless manner;

(f) by failing to see what should have been seen;

(g) In violating the Federal Trucking Regulations inter alia: as they non-exclusively relate to hours of operation, out of service, logging, condition of vehicle, condition of driver, qualification, training, and supervision; and

(h) other acts of negligence and/or gross negligence which were the cause of the collision sued upon and which will be shown at the trial of this matter.

VII.

That the aforesaid collision sued on herein was the fault of and proximately caused by the negligence of Defendant, Werner Enterprises, Inc., in the following non-exclusive respects:

(a) by allowing a vehicle under its control to strike the rear of a preceding vehicle in violation of La. R.S. 32:81;

(b) by allowing a vehicle under its control to be operated in a careless manner, in violation of La. R.S. 32:58;

(c) by allowing a vehicle under its control to be operated by a driver while physically exhausted, in violation of state law, federal regulations, and company standards;

(d) by failing to maintain reasonable and proper control of the vehicle under its control upon a public road;

(e) by allowing a vehicle under its control to be operated in an improper, unsafe, negligent, and reckless manner;

 (f) by failing to see what should have been seen;

 (g) In violating the Federal Trucking Regulations inter alia: as they non-exclusively relate to hours of operation, out of service, logging, condition of vehicle, condition of driver, qualification, training, and supervision;

 (h) In negligently qualifying its driver;

 (i) In negligently training its driver;

 (j) In negligently supervising it driver;

 (k) all other acts of negligence and/or gross negligence which were the cause of the collision sued upon and which will be shown at the trial of this matter.

VIII.

That as a result of the aforesaid collision, Amy Intres has sustained injuries to her mind and body, included but not limited to neck, back, and left shoulder, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; past and future loss of earnings and impaired earning capacity, and other economic and pecuniary loss; all of which entitles Plaintiff, Amy Intres, to recover from Defendants the damages as are reasonable in the premises.

IX.

That Amy Intres and Justin Intres were married at all times relevant hereto and have remained married at all times thereafter.

X.

That as a result of the injuries which Amy Intres sustained in the accident sued on herein, Justin Intres has suffered a loss of consortium, services and society of his wife, Amy Intres, and therefore has sustained damages as are reasonable in the premises.

XI.

Petitioner shows that at all times mentioned hereinabove, there was in full force and effect a policy of insurance issued by Defendant, Ace American Insurance Company, under the terms and conditions of which it agreed to insure and indemnify Defendants, Werner Enterprises, Inc. and Willis Richmond, from the type of liability asserted herein.

XII.

Petitioners show that this case involves damages which exceed $50,000.00 exclusive of interests and costs.

WHEREFORE, Petitioners, Amy Intres and Justin Intres, pray that Defendants ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC., AND WILLIS

3

RICHMOND be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Petitioners, Amy Intres and Justin Intres, and against Defendants, ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC., AND WILLIS RICHMOND, jointly and/or in solido, for damages as are reasonable in the premises; each of said judgments to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 599-3288
FACSIMILE: (866) 808-8998
E-MAIL: lpilie@morrisbart.com

BY: _____
LAUREN PILIÉ, NO. 33928

**PLEASE SERVE WITH CITATION AND PETITION FOR DAMAGES:**

1. ACE AMERICAN INSURANCE COMPANY
   THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
   LOUISIANA SECRETARY OF STATE
   8585 ARCHIVES AVENUE
   BATON ROUGE, LA 70809

2. WERNER ENTERPRISES, INC.
   PURSUANT TO THE LONG-ARM STATUTE
   LSA-R.S. 13:3201 ET. SEQ.
   THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
   NATHAN MEISGEIER
   14507 FRONTIER ROAD
   OMAHA, NE 68138

3. WILLIS RICHMOND
   PURSUANT TO THE LONG-ARM STATUTE
   LSA-R.S. 13:3201 ET. SEQ.
   310 NORTH DRIVE
   GALLATIN, TN 37066