UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY INTRES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **ACE AMERICAN INSURANCE COMPANY, ET AL.** | **NO. 22-00578-BAJ-RLB** |

## RULING AND ORDER

This personal injury action arises from an automobile collision that occurred October 4, 2021, on Interstate 12 in East Baton Rouge Parish, Louisiana. (Doc. 1-4). Plaintiff Amy Intres alleges that she was driving westbound at 6:30 p.m. when she was rear-ended by a "semi-truck" driven by Defendant Willis Richmond, and suffered various bodily injuries as a result. (*Id.* at ¶¶ II-IV). Ms. Intres asserts that Mr. Richmond is at fault for the crash because he followed too closely, failed to keep a lookout, and operated his truck while exhausted, in excess of daily hours limits set by federal trucking regulations. (*Id.* at ¶¶ IV, VI).

Ms. Intres also pursues claims against Mr. Richmond's employer, Defendant Werner Enterprises, Inc. ("Werner"), for *respondeat superior* liability, *and*, most relevant here, for failing to properly qualify, train, and supervise Mr. Richmond. (*Id.* at ¶¶ V, VII). Ms. Intres supports her direct claim for negligent qualification, training, and supervision with a mirror-image of the allegations she levels at Mr. Richmond, contending that Mr. Richmond's tailgating, inattention, and exhaustion, and his excessive operation of his truck, were the result of Werner's failure to properly qualify, train, and supervise Mr. Richmond. (*Id.* at ¶ VII). Now Werner moves to

dismiss the direct negligence claim only, complaining that Ms. Intres's allegations are "conclusory."[1] (Doc. 5-1 at p. 2). Ms. Intres opposes Werner's motion. (Doc. 7).

To survive dismissal at the pleadings stage,[2] the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly,* 550 U.S. at 555. When conducting its inquiry, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

---

[1] Werner styles its motion as a "Rule 12(b)(6) Motion Or, In The Alternative, Rule 56 Motion For Summary Judgment." (Doc. 5). Werner clarifies in its reply, however, that it seeks relief only under Rule 12, and that its original reference to summary judgment under Rule 56 was a mistake. (Doc. 10 at 1, n.1). As such, the Court limits its analysis to the parties' pleadings.

[2] Defendants seek relief under Rule 12(b)(6). *Supra,* n.1. Strictly speaking, Defendants' motion is untimely because Werner has already filed its answer. Fed. R. Civ. P. 12(b), (e); *Cox v. Richards*, 761 F. App'x 244, 247 (5th Cir. 2019). The Court could deny relief on this basis alone. *E.g.*, *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003). Instead, the Court will exercise its discretion to treat Defendants' motion as a Rule 12(c) motion for judgment on the pleadings. There no functional difference for purposes of the Court's analysis. *Cox*, 761 F. App'x at 247.

Recently, the Louisiana Supreme Court expressly affirmed that a plaintiff may pursue a direct negligence claim for faulty hiring, training, and supervision against an employer trucking company based on a collision involving an employee driver, provided, of course, that the facts support a determination that the driver was "at fault" in the underlying crash. *Martin v. Thomas*, 2021-01490 (La. 6/29/22), 346 So. 3d 238, 247. In such circumstances, the employer trucking company's liability is determined under Louisiana's traditional duty-risk analysis, La. C.C. art. 2315, and its proportion of fault is determined under Louisiana's comparative fault regime, La. C.C. art. 2323. *Id.* at 249 (Crain, J., concurring).

Thus, the dispositive issue here is simply whether Ms. Intres's allegations support a reasonable inference that Werner's own negligence caused the October 4 collision. *See id.* at p. 242. This requires a plausible showing that (1) Ms. Intres suffered an injury; (2) Werner owed her a duty of care; (3) Werner breached that duty; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty breached. *Doe v. McKesson*, 2021-00929 (La. 3/25/22), 339 So. 3d 524, 531.

Tellingly, Werner does not contest *any* of the individual elements of Ms. Intres's direct negligence claim. Instead, Werner baldly asserts that Ms. Intres pleads "nothing more than conclusory allegations that Werner was negligent in qualifying, training, and supervising Mr. Richmond." (Doc. 5-1 at p. 4).[3] The Court disagrees.

---

[3] The Local Civil Rules require that parties support their arguments with "a concise statement of reasons ... and citations of authorities," M.D. La. LR 7(d), and this Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf. *See Doe v. Bd. of Supervisors of Univ. of*

First, Ms. Intres has plainly alleged injuries resulting from the October 4 collision. Further, as indicated above, Louisiana law provides that a trucking company's duty of care extends to hiring, training, supervision, and retention of its employee drivers. *Martin*, 346 So. 3d at 247-48; *see also McKesson*, 339 So. 3d at 531 ("There is a 'universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another.'" (quoting *Boykin v. La. Transit Co.*, 707 So.2d 1225, 1231 (La. 1998)). Trucking is a highly regulated industry, *N. Alabama Exp., Inc. v. United States*, 585 F.2d 783, 789 (5th Cir. 1978), and common sense dictates that hour limits on daily driving reduce the likelihood of accidents involving exhausted truckers. Here, Ms. Intres alleges that Mr. Robinson caused the collision by driving exhausted (and carelessly) during a haul that exceeded daily hours limits, and that Mr. Robinson's fault was the result of Werner's inadequate qualification, training, and supervision. Certainly, a jury could plausibly find that the October 4 collision was the "was a foreseeable effect" of Werner's alleged failure to train Mr. Robinson about the physical toll of driving excessive hours, and Werner's subsequent failure to supervise his daily driving activities to ensure that he was not exceeding daily hours limits. *McKesson*, 339 So. 3d at 532; *cf. Carter v. Fred W. Dubach Lumber Co.*, 36 So. 952, 954 (La. 1904) ("A superior is presumed to know whatever may endanger the person and life of an employé [sic] in the discharge of the duties of his employment, and is bound to especially warn him of the nature of the danger[.]" (quotation marks

---

*Louisiana Sys.*, --- F.Supp.3d ---, 2023 WL 143171, at *17 n.13 (M.D. La. Jan. 10, 2023) (Jackson, J.) (citing authorities). Absent any briefing on the individual elements of Ms. Intres's direct negligence claim, Werner has waived its challenge for present purposes. *Id.*

omitted)). By extension, a jury could plausibly find that Werner's *own* inattentiveness to Mr. Robinson's alleged excessive driving was the "but for" cause of the October 4 crash, and that Ms. Intres's injuries were within the scope of Werner's breached duties to properly qualify, train, and supervise Mr. Robinson.

In sum, absent any argument to the contrary, the Court finds that Ms. Intres has plausibly alleged that Werner owed a duty to qualify, train, and supervise Mr. Robinson, and that the October 4 accident was the "patently foreseeable" result of Werner's breach of this duty. *See McKesson*, 339 So. 3d at 531. As such, Ms. Intres deserves the opportunity to fully develop the evidence in support of her claim.

Accordingly,

**IT IS ORDERED** that Defendants' **Rule 12(b)(6) Motion (Doc. 5)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 3rd day of May, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**